UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONNA MURRY,

       Plaintiff,                     CIVIL ACTION NO. 07-14832

     v.                               DISTRICT JUDGE NANCY G. EDMUNDS

DAIMLER-CHRYSLER CORP.,       MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (D/E #17)

This matter is before the court on the Motion of Local 971 and the UAW (hereinafter, the union) to dismiss. Plaintiff filed a response and both sides submitted additional materials. In this civil action, plaintiff, acting *in pro per*, sued the company and the union for a variety of violations.[1] Although it is somewhat difficult to discern her complaint, it appears that plaintiff

---

[1] Plaintiff, through counsel, filed an earlier case *Murry v. Daimler Chrysler*, Case No. 06-12190 (Cox, J.). That case addressed claims from 2003 through 2006, including a termination and then reinstatement. On or about July 7, 2007, Judge Cox entered summary judgment in favor of Chrysler. Plaintiff, acting *pro se*, appealed the judgment. The Court of Appeals dismissed the appeal. Plaintiff now appears, in her response, to re-litigate many of these same claims–sick leave, FMLA, disability, and her earlier termination from employment. These claims are not addressed because they were resolved by Judge Cox. She also claims that she was denied sickness and accident benefits and forced to make shift and department changes, claims which were presented in the earlier case. The union, which was not a party in the earlier case, addresses claims from 2006 on. These are discussed here. Chrysler, represented by different counsel than before, has not filed a dispositive motion in this case but has advised the court in a letter dated August 5, 2008, that the claims as to it have been resolved.

alleges in this case that Chrysler breached the Collective Bargaining Agreement (CBA) by failing to place her in the job bank after her layoff, failing to give her full pay for the 2006 Christmas holiday period, and failing to give her vacation pay and paid absence allowance in May 2007. She also alleges that the UAW breached its duty of fair representation by failing to file grievances in connection with the alleged contract violations of Chrysler, by taking adverse action against her in refusing to file the grievances because of her race and disability, and in retaliation for EEOC charges, and that the UAW caused her extreme emotional distress.

The union seeks summary judgment for the reasons that plaintiff failed to exhaust mandatory internal union remedies before filing suit, that her duty of fair representation claim is subject to dismissal because there was no violation of the CBA (a requirement in this "hybrid 301" action) and because the union made an informed, good faith decision not to file frivolous grievances. The union also argues that the job bank and holiday pay claims are time barred because the lawsuit was brought more than six months after plaintiff knew or should have known that Local 961 would not grieve the issues. Further, her race claim is barred by the failure to exhaust mandatory administrative remedies and her state claims for discrimination, retaliation, and intentional infliction of emotional distress are preempted by federal law. For the reasons discussed in this Report, it is recommended that the motion be granted.

**I. Standard of Review**

    **A. Dismissal**

Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), the Supreme Court held that in order

to survive a Rule 12(b)(6) motion a plaintiff is obliged "to provide the grounds of his entitlement to relief."  This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).  See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 127 S.Ct. at 1964-65 (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard."  Twombly, 127 S.Ct. at 1969.

**B. Summary Judgment**

Defendants also move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## II.  Factual Background

Donna Murry was employed by defendant Chrysler at its Detroit Axle Plant since January 25, 1999. (Ex. L[2]) The UAW is the collective bargaining representative for that plant

---

[2]Exhibit numbers relate to the exhibits attached to the union's motion unless otherwise indicated.

- 4 -

and plaintiff was a member of the union.³ Between February 2006 and November 2006, plaintiff was one of a number of employees who where placed on volume related/indefinite layoff. This was consistent with the collective bargaining agreement (CBA). (Ex. D, L) Following her layoff, plaintiff was not recalled to the Chrysler job bank. The job bank permits workers to continue to receive a paycheck while on layoff. To be eligible, a worker must have exhausted 48 weeks of volume related layoff. Plaintiff had not so exhausted her weeks and therefor was not eligible. Plaintiff complained to Local 961 President Edward May. He explained that she was not eligible and declined to file a grievance. (Ex. D, May Declaration)

Plaintiff also complains that she failed to receive her full 2006 Christmas pay. She was laid off on November 22, 2006 and pursuant to the supplemental bulletin issued by Chrysler, she received pay for three of the six days. Plaintiff complained to the financial secretary Patsy Paschal, alleging that she was entitled to 40 hours. Ms. Paschal informed her that she was mistaken and that her holiday pay was correct. The union declined to file a grievance. (May Decl., Ex. B, Williams Decl.)

Plaintiff also alleges that she did not receive her May 2007 vacation pay and paid absence allowance. Between May 2006 and May 2007, plaintiff worked slightly more than ten

---

³It should be noted that the complaint and all of plaintiff's pleadings are somewhat rambling and incoherent. The court has done its best to carefully review her claims. Where a plaintiff is pro se, courts hold that such complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972). Courts are reluctant to dismiss on procedural grounds alone. However, it is not the role of the court to guess the nature of the claim(s) asserted. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986).

weeks. She was required to work 13 pay periods to receive the minimum of 50 percent of vacation pay and paid absence allowance. (May Decl., Williams Decl., Ex. L) Plaintiff complained to her committeeman and was told that she was not eligible. The union declined to file a grievance.

Plaintiff did not file any grievances in her own behalf, as she is permitted to do under law. Section 9(a) of the LMRA, 20 U.S.C. § 159(a), *Henry I. Siegel, Co. v. NLRB*, 417 F.2d 1206, 1215 (6th Cir. 1969). Instead of filing her own grievances or appealing the decisions through the UAW procedures, plaintiff filed two unfair labor practice charges against Local 961 with the NLRB and charge against the Local with the EEOC. Both agencies dismissed these charges. (Ex. M-O, Williams Decl. ¶4-15).

## III. Analysis

### A. Failure to Exhaust Internal Union Remedies

Defendant seeks dismissal on the grounds that plaintiff failed to exhaust her internal union remedies. Article 33, §1 (C) of the UAW Constitution permits members to challenge any action by the local union, or any of its units, committees, officers, committeepersons, or stewards. (Ex. K, Curson Affidavit) Appeals are generally presented first to the membership of the local union and then appealed to a panel of the International Executive Board (IEB). Article 33, §5 mandates that an aggrieved member must fully exhaust internal appeals before going to a civil court or governmental agency for redress. This requirement has been routinely upheld by courts. *Wagner v. General Dynamics*, 905 F.2d 126, 127-129 (6th Cir. 1990); *Hammer v. UAW*, 178 F.3d 856, 858 (7th Cir. 1999); *Reinhardt v. UAW* 636 F.Supp 864, 867 (E.D. Mich. 1986).

Plaintiff did not seek relief under these procedures. Although she references a general attempt to exhaust at ¶104 of the Complaint: [plaintiff] "has made a good faith effort to fully and completely exhaust existing administrative remedies" she does not delineate or describe the appeals taken. The affidavits of Curson Ex. C, ¶10 and Williams Ex. B ¶16 state that plaintiff has not exhausted. Thus, her claims should be dismissed.

**B. Claim for Breach of Duty of Fair Representation (DFR)**

The union seeks dismissal on the grounds that there was no breach of the CBA and that its conduct was not arbitrary, discriminatory or in bad faith. First, to prevail against the union on a DFR claim, plaintiff must also show a breach of the CBA. In *DelCostello v. Int'l Bhd. Of Teamsters* 462 U.S. 151, 164-165 (1983), the Court held that in a "hybrid" claim under section 301, plaintiff must prove both that the employer breached the employment contract and also that the union failed in its contractual obligation to fairly represent her.[4] In this case, plaintiff has not shown a breach of the CBA.[5] Plaintiff, along with many others, was laid off in November 2006 in accordance with the CBA's indefinite layoff procedure. She was ineligible for the job bank because she had not exhausted her 48 weeks of layoff. Even though other individuals with less seniority may have been placed in the job bank, that is not relevant because it was not just

---

[4]*DelCostello* also established a six month limitations period within which to bring the action. The period begins to run when an employee discovers or should have discovered acts giving rise to the cause of action. Under this analysis, at least plaintiff's job bank and 2006 Christmas pay claims are barred as untimely.

[5]Even if the court would consider all the alleged inequities cited by plaintiff, the outcome would be the same. In the earlier case, Judge Cox, considering the circumstances prior to May 12, 2006, found no violation of the CBA, FMLA, or related state claims.

seniority but also the 48 weeks of layoff which were required for eligibility. Plaintiff also received three days of the six days of 2006 Christmas pay in accordance with the CBA. Finally, she did not work the requisite number of weeks between May 1, 2006 and May 1, 2007 to quality for even 50 percent of the vacation and paid absence pay. Because there is no breach of the CBA, plaintiff fails to state a claim for breach of the duty of fair representation and the union is entitled to summary judgment.

In addition, the union's conduct was not arbitrary, discriminatory, or in bad faith. A union breaches its duty of fair representation only when its conduct toward a member is arbitrary, discriminatory or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). A union's judgment is entitled to substantial deference. *Air Line Pilots Assn v. O'Neill*, 499 U.S. 65, 67, 78 (1991). A union is not required to process a grievance that it deems lacks merit, so long as it makes that determination in good faith. *Williams v. Molpus*, 171 F.3d 360, 366-67 (6th Cir. 1999). In this case, plaintiff claims that the union did not prosecute her grievances because she was African-American, disabled, or due to retaliation. Although she makes these allegations, she offers no facts to support the conclusions. A careful review of the factors indicates that the grievances, if brought, would have been rejected because they were meritless. Since plaintiff points to no facts in support of her conclusory allegations and because the union was well within its discretion to fail to file frivolous grievances, the union is entitled to summary judgment.

**C. Claim for Race Discrimination under Title VII**

To the extent that plaintiff seeks to raise a direct claim of race discrimination against the union under Title VII of the Civil Rights of 1964, 42 U.S.C. 2000e-2000e-17 (See Complaint Par. 105-109), she has failed to exhaust her administrative remedies. Plaintiff alleges that she was "discriminated against and subjected to a hostile work environment based on her race." The court lacks subject matter became plaintiff has not shown that she possesses an appropriate right to sue letter from the EEOC. *EEOC v. Frank's Nursery and Crafts*, 177 F.3d 448, 456 (6th Cir. 1999). Although plaintiff went to the EEOC and alleged discrimination against Local 961 in June 2007, and received a right to sue letter in August 2007, the basis for the charge was disability discrimination and retaliation only–not race. Thus, she cannot use that letter to support a race claim. See, *Hall v. State Farm Ins. Co.*, 18 F.Supp.2d 751, 765 (E.D. Mich. 1998). She cannot proceed at all against the international union because her complaint was only against the Local.[6]

**D. The State Law Claims are Preempted by Federal Labor Law**

Section 301 of the LMRA requires federal preemption of state law based actions when decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract and when application of state law to a dispute requires the interpretation of a CBA. *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988). Plaintiff's state law claims of discrimination, retaliation, and intentional infliction of emotional distress are preempted

---

[6]Judge Cox made similar findings in his opinion and warned plaintiff that failure to specific a type of discrimination on an EEOC could result in dismissal of the claim in a subsequent lawsuit. See, 06-12190, Opinion, D/E 92, p. 20

because deciding them would require the court to interpret the CBA. Her claim that the UAW refused to file grievances because she is disabled or in retaliation for her protected conduct is an allegation of a breach of the duty of fair representation. Thus, it is subsumed in the federal claim. See, *Welch v. General Motors Corp.*, 922 F.2d 287, 294 (6th Cir. 1990). Likewise, her intentional infliction of emotional distress is also preempted. *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004). In order to resolve her claims, the court would have to determine whether her rights under the CBA were violated. When proof of an essential element of her claim requires interpretation of the CBA, the claim is subject to Section 301 preemption. *Mattis*, 355 F.3d at 908; *DeCoe v. General Motors Corp.*, 32 F.3d 212, 220 (6th Cir. 1994).

Accordingly, it is recommended that the defendants' motion be granted and the claims against both the International Union and Local 961 be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: August 12, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on August 12, 2008.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan