UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA MURRY,

       Plaintiff,                       CIVIL ACTION NO. 07-14832

       v.                            DISTRICT JUDGE NANCY G. EDMUNDS

DAIMLER-CHRYSLER CORP., et al.,   MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

## REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REOPEN CASE

This matter is before the court on the motion of the *pro se* plaintiff to reopen her case (Murry II). This is her second case against her employer defendant Chrysler. The instant motion arises out of efforts to settle both cases: the instant case and the first case No. 06-12190 (Murry I)(Cox, J.). Plaintiff contends that there was no settlement because there was no "meeting of the minds." A hearing was held before the magistrate judge, followed by confidential discussion of further efforts at settlement[1]. For the reasons explained on the record and as set forth herein, it is recommended that the motion to reopen be denied as untimely. Even if timely, plaintiff has failed to show good cause for reopening as required by the order of the district judge.[2]

---

[1] The record is accessible only to the parties, counsel, including Mr. Dunn, Judge Edmunds, and the undersigned.

[2] The case was also referred for a settlement conference. Although Chrysler indicated its willingness to go forward with its offer of settlement as to both cases, plaintiff declined.

**Background:**

In *Murry v. Daimler Chrysler*, 06-12190 (Murry I), plaintiff sued for employment-related matters from 2003 through 2006, including her termination and reinstatement.[3] Hon. Sean Cox entered summary judgment in favor Chrysler on July 7, 2007. In that action, plaintiff was represented by counsel.[4] After Judge Cox entered judgment, plaintiff through attorney Michael Dunn appealed to the Sixth Circuit. While the appeal was pending, plaintiff filed this action suing both Chrysler and the Union. The Union filed a Motion for Summary Judgment, oral argument was held on that motion, and a Report and Recommendation entered August 12, 2008. Chrysler advised the court in a letter dated August 5, 2008, that plaintiff had settled her claims with it and therefore counsel for Chrysler would not be appearing. The resolution was referenced in the August 12, 2008 Report and Recommendation sent to plaintiff. Plaintiff then filed a pleading August 25, 2008, which detailed the facts of her case, but did not reference specific issues with the Report and Recommendation or the settlement with Chrysler. The pleading was treated as Objections to the Report and Recommendation by defendant Union. Judge Edmunds adopted the Report and Recommendation and entered summary judgment in

---

Settlement efforts were unproductive and the case did not settle.

[3]At the hearing on the instant motion, plaintiff contended that Murry I addressed only FMLA claims. However, the case actually addressed all employment claims 2003 through 2006 including her termination and subsequent reinstatement. She sought to include them in the instant case, but they were already decided by Judge Cox.

[4]Plaintiff was originally represented by attorney Lance Mason, then Marla Linderman, and then Michael Dunn. Mr. Dunn no longer represents her but was present at oral argument on this motion.

favor of the Union on September 5, 2008. On that same day, Judge Edmunds entered an order of dismissal with prejudice and without costs as to all claims asserted by Murry against Chrysler. The order contained the following language: "Despite this Order, upon a showing of good cause, either party may move to vacate this Order within a period of sixty (60) days from this date if settlement is not consummated." Plaintiff took no action until November 10, 2008, when she moved to reopen.

*1. The Motion is untimely*

The order of dismissal gave plaintiff 60 days from September 6, 2008, to file a motion to vacate the order. Plaintiff's motion was filed November 10, 2008, after the 60 days had run. She made no request to extend time prior to the expiration of the time set.

Calculating the time pursuant to Fed.R.Civ.P. Rule 6(a)(1) puts the filing deadline at November 4, 2008. Plaintiff indicates that because the order was mailed to her, she should have more time. Plaintiff admits that she received the order within three or four days of September 5, 2008. Even if three days were added pursuant to Rule 6(d), her motion would still be late.[5] She does not offer any good cause for extending the time, except that she misunderstood.

In addition, plaintiff has in fact had much more than 60 days to bring her motion to reopen or raise issues regarding the settlement. As far back as early August when the Union's motion was argued, plaintiff was aware of the settlement. It was referenced in the Report and Recommendation August 14, 2008. Plaintiff filed an additional pleading thereafter and did not

---

[5] Rule 6(d) does not apply because the order measured time from the date of the order, not from the date of service.

dispute the settlement. Thus, her motion is clearly late and no good cause is shown for the delay in filing. The motion is procedurally barred.

*2. No good cause is shown for reopening.*

In addition, plaintiff has not shown good cause to set aside the settlement reached. Chrysler expressed its willingness to go forward on the original terms. The settlement was reached the day before oral argument on Murry I in Cincinnati. Plaintiff was in Cincinnati and was contacted during the time the lawyers were attempting to resolve the matter. She was asked if she would agree to settle both cases; she told her lawyer yes and told the court essentially the same thing at oral argument. The settlement and its terms were memorialized in emails and then settlement documents were drafted for plaintiff's signature.

At oral argument on the instant motion, plaintiff stated that she believes that the lawyer for Chrysler should have spoken with her directly regarding the settlement of the *pro se* case.[6] However, Mr. Dunn and plaintiff acknowledged that she was back and forth on the phone with Mr. Dunn about settlement of both cases during the time he was in contact with Chrysler's counsel and she understood this would be a settlement of both cases. She has not denied that she was willing to settle both cases. The three material terms of the settlement–(1) the amount, (2) the fact that settlement will have no impact on her pending (or at least then pending) worker's compensation suit, and (3) the settlement would not affect her employment– are not disputed. Plaintiff thinks that the settlement document is confusing and that it does not say what she

---

[6]It is not clear that the lawyer working on the *pro se* case was indeed the same lawyer working on the appeal.

agreed to. Chrysler and Mr. Dunn indicated that they would try to make it clearer for her and were willing to stand by the agreed terms. While plaintiff may have some "buyer's remorse" about the amount of settlement and what she has paid her lawyers, the evidence is that she accepted that amount and agreed to settle both cases. It also should be clear to her, but it is not, that she has lost on essentially all of her claims on the merits. Judge Cox granted summary judgment in favor of Chrysler. Judge Edmunds granted summary judgment in favor of the defendant Union. Plaintiff lost all the way around.

Nevertheless, Mr. Dunn was able to obtain a settlement which put money in her pocket and did not adversely affect any of her other pending issues. Plaintiff still has an opportunity to receive money, resolve all her claims, and continue to pursue her worker's compensation case, as well as continue her employment status. She would be free to seek to readjust her seniority date through whatever administrative procedures are available to her. This court urges her to reconsider her position. However, her request to reopen, even if considered on the merits, fails to show good cause.

**Conclusion**

It is recommended that the motion to reopen be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Objections must be filed by **January 27, 2009.** Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508

(6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                        s/Virginia M. Morgan
                        Virginia M. Morgan
                        United States Magistrate Judge

Dated: January 12, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record, Donna Murry, and Michael Dunn via the Court's ECF System and/or U. S. Mail on January 12, 2009.

                        s/Jane Johnson
                        Case Manager to
                        Magistrate Judge Virginia M. Morgan